UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK OBAH,<br><br>                              Plaintiff,<br><br>               -against-<br><br>MEDRITE URGENT CARE,<br><br>                              Defendant. | 1:24-CV-7204 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff Patrick Obah, of the Bronx, New York, who is appearing *pro se*, asserts claims of employment discrimination, as well as claims of retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State Human Rights Law. He sues his former employer, +Medrite Urgent Care ("Medrite"), seeking damages, withheld overtime pay, and frontpay.

By order dated September 25, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on Medrite.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons issues.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3)

(the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the complaint on Medrite, the Clerk of Court is

instructed to fill out a USMS Process Receipt and Return form ("USM-285 forms") for Medrite.

The Clerk of Court is further instructed to issue a summons for Medrite and deliver to the USMS

all the paperwork necessary for the USMS to effect service of a summons and the complaint on

Medrite.

If a summons and the complaint are not served on Medrite within 90 days after the date

that the summons for Medrite has issued, Plaintiff should request an extension of time for

service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's

responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff. The

Court directs service on Defendant Medrite. The Court also directs the Clerk of Court to: (1)

issue a summons for Medrite; (2) complete a USM-285 form with the service address for

Medrite; and (3) deliver all documents necessary to effect service of the summons and the

complaint on Medrite to the USMS.

SO ORDERED.

Dated:    October 30, 2024
          New York, New York

_____
          RONNIE ABRAMS
          United States District Judge

2

## DEFENDANT AND SERVICE ADDRESS

+Medrite Urgent Care
919 Second Avenue
New York, New York 10017